IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAWRENCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18 CV 1570 |
| | ) Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Lawrence has an amputated leg. When he was in the custody of the Metropolitan Correctional Center in Chicago, a federal prison, he slipped and fell in the shower. To reach that shower, plaintiff allegedly had to hop over a tiled curb with his amputated leg and move around a corner—all without grab bars or a shower chair. Because of his fall, plaintiff allegedly suffers ongoing back pain, shoulder pain, and migraine headaches.

Plaintiff sues the United States for negligence. The United States moves to dismiss. Under the Federal Tort Claims Act ("FTCA"), the United States is liable for the negligent acts of its employees as though it were a private employer. 28 U.S.C. § 1346(b)(1). But plaintiff may maintain his suit against the United States only if: (1) he presented his claim to the Federal Bureau of Prisons ("BOP"); (2) the BOP denied his claim; and (3) he sued within six months of the denial. 28 U.S.C. § 2675(a); 28 U.S.C. § 2401. Plaintiff met the first two requirements: he presented his claim to the BOP and the BOP denied it. Plaintiff did not, however, sue within six months of the BOP's denial. The United States thus argues that plaintiff's suit is "forever barred." 28 U.S.C. § 2401.

Plaintiff filed his original complaint in March 2018. That was premature; the BOP had yet to deny his claim. See McNeil v. United States, 508 U.S. 106, 110–11 (1993). Once the BOP did so on July 11, 2018, the six-month clock started to run: plaintiff had to sue by January 11, 2019. But he filed his first amended complaint on January 18, 2019. That was a week late. And months later, in July 2019, he filed a second amended complaint. That, of course, was also late.

Both of plaintiff's amended complaints were thus tardy. But that might not bar his suit. The FTCA's deadlines are non-jurisdictional and are thus subject to equitable tolling. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015). Tolling is a common law doctrine that allows courts to stop the running of a limitations period. To toll a limitations period is, effectively, to extend it. That is what plaintiff seeks—an extension to make his suit timely.

The question is thus whether equity requires tolling the FTCA's six-month limitations period. Answering that question involves two steps. First, the court determines the amount of tolling needed to make plaintiff's suit timely. Second, the court considers whether plaintiff is entitled to that amount of equitable tolling. For the following reasons, the court holds that: (1) plaintiff needs seven days of tolling to make his suit timely; and (2) plaintiff is entitled to those seven days of tolling based on his diligence, his pending motions, and this court's November 2018 order directing counsel to file an amended complaint after the limitations period expired. The motion to dismiss filed by the United States is thus denied.

**1     How much tolling does plaintiff need to make his suit timely?**

Once the BOP denied plaintiff's claim on July 11, 2018, the six-month clock started to run—plaintiff had to sue by January 11, 2019. Both of plaintiff's amended complaints missed that deadline. His first amended complaint was filed on January 18, 2019; his second amended complaint, on July 22, 2019.

The amount of tolling plaintiff needs to make his suit timely depends on whether to calculate his tardiness based on his first amended complaint or his second amended complaint. Because amended pleadings supersede previous pleadings, Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995), the operative complaint is the second amended complaint filed in July 2019. The United States thus argues that plaintiff missed the January 2019 deadline by six months. Plaintiff responds that under Federal Rule of Civil Procedure 15(c), his second amended complaint "relates back" to his first amended complaint filed on January 18, 2019—just seven days after January 11, 2019.

The court finds that plaintiff's second amended complaint relates back to his first amended complaint. Under Rule 15(c), an amended pleading "relates back to the date of the original pleading" when three requirements are satisfied. The first two are that: (1) the law allows relation back; and (2) the amendment asserts a claim arising from the conduct set out in the original pleading. See Fed. R. Civ. P. 15(c)(1)(A–B). The United States concedes that plaintiff's second amended complaint satisfies those two requirements.

The United States argues, however, that plaintiff fails the third requirement. Plaintiff's second amended complaint added the United States as a defendant. When a pleading adds a defendant, the plaintiff must serve that defendant with the summons and complaint "within the period provided by Rule 4(m)." Fed. R. Civ. P. 15(c)(1)(C). The new defendant must "not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). And the new defendant must (or should) have known that it would have been sued "but for a mistake" concerning its identity. Fed. R. Civ. P. 15(c)(1)(C)(ii).

But when it comes to adding the United States as a defendant, Rule 15(c) is more plaintiff-friendly: the plaintiff need only mail or deliver process to the United States attorney or

to the Attorney General of the United States "during the stated period." Fed. R. Civ. P. 15(c)(2). The plaintiff need not show that the United States was not prejudiced or that the United States should have known that it ought to have been sued. See 6A Charles Alan Wright et al., Federal Practice and Procedure § 1502 & n.11 (3d ed. 2010) ("[Rule 15(c)(2)] establishes an irrebuttable presumption that if proper service has been made on the United States attorney, or the United States attorney's designee, or the Attorney General . . . then the requirements set forth in Rule 15(c)(1)(C)(i) and (ii) for the relation back of an amendment changing a party are to be deemed satisfied."), citing Jackson v. Kotter, 541 F.3d 688 (7th Cir. 2008), and Paulk v. Department of Air Force, Chanute Air Force Base, 830 F.2d 79 (7th Cir. 1987).

Recognizing that plaintiff need not show lack of prejudice or that the United States had constructive notice, the United States focuses on timeliness—whether plaintiff delivered process "during the stated period." Fed. R. Civ. P. 15(c)(2). The parties agree that the United States attorney and the Attorney General of the United States received the summons and a copy of the first amended complaint on January 30, 2019. That, the United States argues, was too late: plaintiff had to deliver process within six months of the BOP's denial—by January 11, 2019.

The United States misreads Rule 15(c). The "stated period" under Rule 15(c)(2) is not the limitations period. It is "the period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c) was amended in 1991 to avoid the exact reading urged here by the United States. So long as the amended pleading satisfies Rule 15(c)(1)(A) and (c)(1)(B), "An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name . . . ." Advisory Committee's Notes on 1991 Amendment to Fed. R. Civ. P. 15(c); accord

4

Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996) ("The effect of the [1991] amendment [to Rule 15(c)] was to overturn the Supreme Court's ruling in Schiavone v. Fortune, 477 U.S. 21 (1986), which required the defendant to receive notice within the period of limitations rather than within the time for service of process.").

The Seventh Circuit's pre-1991 cases are not, as the United States suggests, dispositive. See Hughes v. United States, 701 F.2d 56, 58–59 (7th Cir. 1982) (holding that relation back under Rule 15(c) "requires that actual notice be received by the government within the six-month limitations period"); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981) (same). Those cases—and Schiavone v. Fortune, 477 U.S. 21, 31 (1986), which came to the same conclusion—no longer apply after the 1991 amendment to Rule 15(c). That amendment's express purpose was "to change the result in Schiavone v. Fortune . . . with respect to the problem of a misnamed defendant." Advisory Committee's Notes on 1991 Amendment to Fed. R. Civ. P. 15(c); accord Keller v. United States, 444 F. App'x 909, 911 (7th Cir. 2011) (unpublished) ("This [1991] amendment makes irrelevant the government's representation that it did not receive notice of the suit until after the statute of limitations had run. That delay would have mattered under Schiavone, but not under the current, and more-permissive, version of Rule 15(c), which requires only that notice be received within the period for service of process.").

Plaintiff's second amended complaint thus relates back to his first amended complaint so long as the United States received service within the time allowed by Rule 4(m). The United States concedes that it received the summons and a copy of the first amended complaint on January 30, 2019; it has not argued that service was untimely under Rule 4(m). Plaintiff's second amended complaint thus relates back to his first amended complaint. For his suit to be timely, he

5

needs tolling for the seven days between January 11, 2019—when the six-month limitations period expired—and January 18, 2019, when he filed his first amended complaint.

**2      Do equitable reasons entitle plaintiff to seven days of tolling?**

Having determined that plaintiff needs seven days of tolling to make his suit timely, the court turns to whether equitable reasons entitle plaintiff to those seven days. A plaintiff seeking equitable tolling must satisfy two requirements: (1) he must have pursued his rights "diligently"; and (2) an "extraordinary circumstance" must have "stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The court holds that plaintiff satisfies both requirements and is entitled to at least seven days of equitable tolling, making his suit timely. The motion to dismiss filed by the United States is thus denied.

**2.1      Diligence**

First, plaintiff pursued his rights diligently. He properly exhausted his claim before the BOP, which was no simple feat—he had to: (1) try to informally resolve his complaint with institution staff; (2) complain to the warden within 20 days of his injury; (3) appeal to the regional director within 20 days of the warden's response; and (4) appeal to the BOP's general counsel within 30 days of the regional director's response.

After plaintiff completed the third step, he sued and sought attorney representation. That suit was flawed: it was premature, it named the wrong defendants, and it did not mention the FTCA. But unrepresented prisoners are bound to make mistakes. Despite the flaws in plaintiff's original complaint, he no doubt pursued his rights diligently—he simply filed too soon. The allegations in his original complaint were detailed and would likely have stated a negligence claim had he sought to bring one under the FTCA. Plaintiff even named prisoners who were potential witnesses, including their inmate numbers and what they saw. His allegations exceeded

his obligation under Rule 8(a)(2) to give a "short and plain statement" of his claim. Those allegations were serious and persuaded this court to recruit counsel. Plaintiff also timely responded to an order to show cause for failing to disclose his litigation history, which the court found adequate. And he did all that without a lawyer.

The United States counters that plaintiff should have known that he had to file an FTCA suit once he received his final denial letter from the BOP in July 2018. That letter told plaintiff, "If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification." The United States thus argues that the denial letter told plaintiff that he had six months to file an FTCA suit; plaintiff just chose not to do so.

But nothing in the denial letter told plaintiff that he had to file an FTCA suit. The letter cited the FTCA only in passing. It told plaintiff that his claim was "considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>" (underlining in original). Then it told plaintiff that his claim was denied and that he had six months to sue in a United States District Court. The letter did not tell plaintiff that he had to file suit under the FTCA or that he had to name the United States as a defendant.

When plaintiff received the denial letter in July 2018, his original complaint was still pending before the court. Nothing in the denial letter would have dispelled plaintiff's mistaken belief that his original, premature complaint qualified as a timely suit within the six-month limitations period. That conclusion is supported by plaintiff's diligent litigation from July 2018 through October 2018—he timely and successfully responded to this court's orders: (1) to submit a renewed application to proceed <u>in forma pauperis</u>; and (2) to show cause for failing to disclose

his litigation history. The court is thus convinced that had plaintiff known that he had to file an FTCA suit, he would have done so. He made some mistakes along the way, but he did what he could without a lawyer to vindicate his rights.

### 2.2 Extraordinary circumstances

Even having diligently pursued his rights, plaintiff must also show that extraordinary circumstances stood in his way. The court holds that tolling the six-month limitations period for seven days is justified by three extraordinary circumstances: (1) the pendency of plaintiff's motion for attorney representation; (2) the pendency of plaintiff's renewed application for leave to proceed in forma pauperis; and (3) this court's November 2018 order directing recruited counsel to appear and to file a complaint by dates after the limitations period expired.

Although any of these three circumstances taken alone would likely be sufficient, the court finds only that their combination entities plaintiff to at least seven days of tolling. The court need not consider whether other circumstances—for example, the pendency of plaintiff's first application to proceed in forma pauperis, or plaintiff's alleged lack of access to legal materials— might also entitle plaintiff to equitable tolling.

**Motion for attorney representation.** Plaintiff moved for attorney representation on March 2, 2018, the same day he filed his original complaint. The court ruled on his motion on November 21, 2018—almost nine months later. In so doing, the court dismissed plaintiff's original complaint without prejudice because the Metropolitan Correctional Center was "not a suable entity." Lawrence v. United States, 18 CV 1570, Doc. 19 at 4 (N.D. Ill. Nov. 21, 2018). But given "the seriousness of the allegations, the need to identify proper Defendants, and that Plaintiff is no longer confined at the MCC," the court granted plaintiff's motion for attorney representation and recruited counsel. Id.

The pendency of plaintiff's motion for attorney representation is an extraordinary circumstance that stood in his way . See Brown v. J.I. Case Co., 756 F.2d 48, 51 (7th Cir. 1985) (reversing the dismissal of an employment discrimination suit and holding that "the running of the [limitations] period should have been tolled until the . . . district court denial of [the plaintiff's] request for appointed counsel"). So long as the litigant seeking representation is diligent and avoids "inequitable conduct," the limitations period should be tolled while the court decides the motion. Id. Brown explained that, "The remedial purpose of Title VII and the special equitable circumstances raised by a request for appointment of counsel justify a general rule allowing a request for appointed counsel combined with . . . a Notice of Right-to-Sue to toll the running of the [limitations] period until the court acts upon the counsel request." Id. at 50.

The justifications for Brown's general rule apply with even greater force in the context of prisoners seeking damages for government negligence. Congress passed the FTCA "to prevent the unfairness of allowing 'the public as a whole' to benefit 'from the services performed by Government employees,' while allocating 'the entire burden' of government employee negligence to the individual, 'leaving him destitute or grievously harmed.'" Terbush v. United States, 516 F.3d 1125, 1135 (9th Cir. 2008) (alteration omitted), quoting Rayonier Inc. v. United States, 352 U.S. 315, 320 (1957). Such individuals—especially those confined to prison cells—can hardly vindicate their rights under the FTCA without a lawyer. When prisoners ask for one, they are entitled to equitable tolling so long as they act diligently and avoid inequitable conduct.

As discussed, plaintiff diligently pursued his rights. And the United States does not argue that he engaged in inequitable conduct. Plaintiff is thus entitled to equitable tolling for the time that his motion for attorney representation was pending before this court.

**Renewed application for leave to proceed in forma pauperis.** The pendency of plaintiff's motion for leave to proceed in forma pauperis is another extraordinary circumstance that stood in his way. At this court's direction, plaintiff applied for leave to proceed in forma pauperis. See 28 U.S.C. § 1915. The court denied that application because it was incomplete and directed plaintiff to file a renewed application. Lawrence, 18 CV 1570, Doc. 14 at 2 (N.D. Ill. July 2, 2018). Plaintiff did so on August 6, 2018; the court granted it a month later, on September 11, 2018. Id., Doc. 17 at 1 (N.D. Ill. Sept. 11, 2018).

Like pending motions for attorney representation, pending applications to proceed in forma pauperis toll the limitations period. Paulk, 830 F.2d at 82–83 (7th Cir. 1987) (reversing the dismissal of an employment discrimination suit and holding that the plaintiff was entitled to tolling for the purposes of relation back while her in forma pauperis application was pending). A litigant applying for leave to proceed in forma pauperis "is not chargeable" with the delay in deciding that application "because it is solely within the control of the district court." Id. at 83. District courts have considerable discretion in managing their dockets and may or may not act quickly on any given plaintiff's application to proceed in forma pauperis. Not tolling the limitations period while such applications remain pending before the district court would thus be unfair and arbitrary. As Paulk explains, to deny tolling "whenever the district court has not authorized the issuance of summons and service of the complaint within the limitations period would violate equal protection because similar claims would be treated drastically differently only on the basis of the speed with which the court chose to process them." Id.

**This court's November 2018 order recruiting counsel.** The last extraordinary circumstance that stood in plaintiff's way is this court's November 2018 order recruiting counsel. The court directed Amanda Antholt of Equip for Equality to appear by January 14, 2019, and to

file an amended complaint by January 21, 2019. Lawrence, 18 CV 1570, Doc. 19 at 1 (N.D. Ill. Nov. 21, 2018). The six-month limitations period expired on January 11, 2019.

Tolling is appropriate when "the court has led the plaintiff to believe" that he has done "everything required" of him. Donald v. Cook County Sheriff's Department, 95 F.3d 548, 562 (7th Cir. 1996), quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). This court's November 2018 order did just that. By directing recruited counsel to file an amended complaint by January 21, 2019—ten days after the expiration of the limitations period—the court "unilateral[ly] toll[ed]" the limitations period until January 21, 2019. Carlile v. South Routt School District RE 3-J, 652 F.2d 981, 986 (10th Cir. 1981) (dismissing an interlocutory appeal from a decision allowing a suit to proceed because the plaintiff "relied on the District Court's unsolicited order extending the time within which she could file a complaint"), cited with approval in Baldwin County Welcome Center, 466 U.S. at 151; see also McCraney v. Aldridge, No. 87 C 0030, 1988 WL 93469, at *2 (N.D. Ill. Aug. 26, 1988) (refusing to reconsider a decision to equitably toll the limitations period because, in part, "this court's minute order suggested that plaintiff's amended complaint, if filed on March 6, 1987 would be timely").

These circumstances entitle plaintiff to equitable tolling for the ten days between January 11, 2019—the date on which the limitations period expired—and January 21, 2019, the date by which this court directed recruited counsel to file an amended complaint. Plaintiff and his recruited counsel "should not be penalized for following" this court's directions. Washington v. Ball, 890 F.2d 413, 415 (11th Cir. 1989) (reversing the dismissal of a suit and holding that the plaintiff was entitled to equitable tolling based on the district court's erroneous instructions).

## CONCLUSION

The motion to dismiss filed by the United States [Doc. 45] is denied. The United States is directed to answer the second amended complaint on or before January 10, 2020. The parties are directed file a joint status report using this court's form on or before January 17, 2020. The status hearing currently set for December 4, 2019, is rescheduled for January 23, 2020, at 9:00 a.m.

**ENTER:** **December 3, 2019**

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**