IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LAWRENCE, | ) |
| Plaintiff, | ) Case No. 18 C 1570 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Christopher Lawrence, a former federal inmate with a prosthetic leg, brings this one-count FTCA suit against the United States, alleging that the Bureau of Prisons ("BOP") negligently assigned plaintiff to an inaccessible housing unit within the Metropolitan Correctional Center ("MCC"). More specifically, plaintiff alleges that defendant was negligent because it failed to provide a handicap accessible shower, and the lack of safe shower facilities proximately caused plaintiff to fall in the shower on May 9, 2017. Defendant has moved for summary judgment, arguing that the discretionary function exception to the FTCA bars plaintiff's suit, that plaintiff cannot establish negligence because a handicap shower was in fact available, and because the comparative fault doctrine bars plaintiff's claim. For the reasons stated below, defendant's motion (Doc. 105) is denied.

## BACKGROUND

The following facts are stated as favorably to plaintiff as permitted by the record and Fed. R. Civ. P. 56.[1] On April 26, 2017, plaintiff arrived in federal custody at the MCC as a pretrial

---

[1] Plaintiff complains that at least sixteen of defendant's paragraphs in its LR 56.1 statement of facts are too long and contain multiple facts in a single paragraph. Generally, each paragraph in a LR 56.1 statement of facts should be short, consisting of only one or two individual allegations. While defendant has included more than one or two allegations in a single paragraph, those paragraphs are not so convoluted as to warrant striking them.

detainee. Plaintiff's leg had been amputated in 1996 when he was about 28 years old. Since then, plaintiff has used a prosthetic leg to walk.

As part of the intake process at the MCC, new inmates meet with the MCC unit team and a medical team for social screening and medical screening. After these screenings, MCC staff assign the new inmate to a housing unit. On the day of plaintiff's arrival, MCC midlevel provider Lida Carrera assessed plaintiff. Carrera asked plaintiff about his above-the-knee amputation and noted in the medical record that plaintiff needed crutches and a sleeve for his prothesis. Based on her initial assessment, Carrera found that plaintiff could walk with his prothesis, but the parties dispute whether plaintiff could walk up and down stairs with his prosthesis. MCC staff provided crutches to plaintiff the next day and placed plaintiff on medical duty status. Plaintiff's medical duty status indicated that he should be given a cell with a lower bunk and that he was restricted from participating in all sports and climbing. The medical duty status did not indicate that plaintiff had an issue climbing stairs, although his restriction from climbing would seem to include that. After completing the intake screening (both medical and social), the MCC assigned plaintiff to Unit 15. The MCC provided plaintiff with a lower bunk pass from medical, and assigned plaintiff to a lower bunk on the lower tier cell block within Unit 15.

Unit 15, like most units within the MCC, is composed of several tiers: a lower tier with cells, a mezzanine level for meals and recreation, and an upper tier of cells. The MCC is a high rise building with 27 floors, and all units except one have stairs connecting the cells on the upper lower and tiers. Each tier has its own shower facilities. The lower tier of Unit 15, where plaintiff was assigned, did not have an accessible shower. The only accessible shower in Unit

15 was on the upper tier cell block. Unit 15 has an elevator, but the parties agree that it was broken at the time plaintiff was incarcerated. Thus, to use the accessible shower, plaintiff had to climb two flights of stairs.

Within a week of entering the MCC, the clinical director of the MCC, Dr. Brij Mohan, performed a physical examination of plaintiff. Dr. Mohan approved the crutches and plaintiff's prosthesis, and prescribed pain meds because plaintiff complained of pain in his amputated leg and left shoulder. Dr. Mohan completed a medical duty status that continued plaintiff's earlier restrictions from his first medical screening: a cell with a lower bunk and restrictions from all sports and climbing.

Plaintiff testified in his deposition that a medical provider (he could not remember which one) told him not to use the stairs, but the written medical records do not contain such a restriction. Plaintiff asserts that he struggled to use the stairs, and often requested another inmate to bring his food to his cell so he could avoid the stairs. When plaintiff did take the stairs to the mezzanine level to pick up his food tray, he needed someone else to carry the tray back to his cell so he could hold on to both railings when using the stairs. Defendant disputes this fact, arguing that plaintiff could and did use the stairs regularly. Plaintiff claims he complained to several MCC staff about the stairs several times, requesting that he be moved to a unit without stairs, but nothing was done.

Plaintiff asserts that he waited almost two weeks to take his first shower at the MCC, on May 9, 2017. Plaintiff used the shower facilities located on the lower tier of his unit. The shower did not have grab bars, and it had a curb to keep water from leaking onto the floor. According to plaintiff, he got undressed near a bench and took off his prothesis. He then

3

hopped to the shower and jumped over the ledge while holding onto the faucet. After completing his shower, he again attempted to jump over the ledge but slipped and fell, landing on his left side and hitting his left elbow and head on the ground. Another inmate saw plaintiff lying on the ground and called the officers. Medical staff arrived and evaluated plaintiff. Plaintiff spent one night at Stroger hospital and had no visible bruises, cuts, and no fractures or dislocations. Upon his return to the MCC, MCC staff provided plaintiff with a wheelchair and moved plaintiff to Unit 23, an accessible unit for inmates in wheelchairs.

Plaintiff's complaint alleges that plaintiff was assigned to a unit without an accessible shower. Discovery revealed that Unit 15 did in fact have a single accessible shower, but it was on the upper tier of the Unit, requiring plaintiff to climb two flights of stairs. Defendant has attached pictures of Unit 15, showing that the accessible shower was visible from the lower levels of the Unit. However, plaintiff claims that he did not know about the accessible shower, no one told him about the accessible shower, and even if he knew about it, he could not use it because he could not use stairs and the elevator was broken.[2]

## DISCUSSION

Defendant has moved for summary judgment. Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material facts exists if "there is evidence such that a reasonable jury could return a verdict in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine dispute of

---

[2] Defendants also note that plaintiff has filed two similar lawsuits against Cook County jail, prior to initiating this lawsuit. One suit involved plaintiff falling while using an inaccessible shower, and the other involved falling down a flight of stairs and falling when using non-ADA complaint toilet facilities. Both cases settled.

material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." See CTL ex rel. Trebatoski v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only entitled to the benefit of inferences supported by admissible evidence, not those supported by only speculation or conjecture." Grant v. Trustees of Ind. Univ., 870 F.3d 562, 568 (7th Cir. 2017).

Defendant has moved for summary judgment on three grounds: (1) plaintiff's claim is barred by the FTCA's discretionary function exception; (2) there is insufficient evidence of negligence; and (3) the comparative fault doctrine bars plaintiff's claim.

Defendant first argues that plaintiff's claim is barred by the FTCA's discretionary function exception. The United States is immune from suit unless it has consented to be sued. The FTCA provides a limited waiver of immunity and provides for a cause of action for tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment…." 28 U.S.C. § 1346(b)(1); Lipsey v. United States, 879 F.3d 249, 253 (7th Cir. 2018). Relevant to this suit, the FTCA contains a discretionary function exception, which excludes from coverage "[a]ny claim… based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); United States v. Gaubert, 499 U.S. 315, 322 (1991).

The discretionary function exception is an affirmative defense to liability, and two requirements must be met under that exception. Lipsey, 879 F.3d at 253 (citing Keller v. United States, 771 F.3d 1021, 1023 (7th Cir. 2014). First, the act at issue must be discretionary rather than mandatory, in that it involves an element of judgment or choice. Id. "Accordingly, if the

5

act at issue 'deviates from a course of action prescribed by federal statute, regulation or policy," the employee's acts are not discretionary and therefore are not immune from suit." Id.; see also Gaubert, 499 U.S. at 322.  Second, in order to fall within the discretionary function exception, the government's actions must be based on considerations of public policy.  Keller, 771 F.3d at 1023.

Defendant's arguments regarding the discretionary exception fail at the first step because defendant did not have discretion when placing plaintiff in an inaccessible housing unit.  The discretionary doctrine does not apply when a federal statute specifically prescribes a course of action.  Here, the Rehabilitation Act prescribes that the BOP must provide programs that are accessible to people to with disabilities.  28 CFR § 42.521(a) and (b) ("a recipient shall operate each program…so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons").  In this context, the showers within the housing units are a "program," Jaros v. Illinois Dep't of Corrections, 684 F.3d 667, 672 (7th Cir. 2012), and plaintiff clearly qualifies as a person with a disability.  The BOP was thus required to provide plaintiff with an accessible shower and housing unit, and the discretionary exception does not apply.  Plaintiff's FTCA suit can proceed to the merits.

The court next turns to defendant's arguments regarding negligence and comparative fault.  The crux of these arguments is that defendant cannot be negligent because it assigned plaintiff to Unit 15, which had an accessible shower on the upper tier, and plaintiff could have used the accessible shower and chose not to do so.  The court is unpersuaded.  On the issue of negligence and comparative fault, there are simply too many issues of fact for the court to grant summary judgment in defendant's favor.  It is unclear whether plaintiff knew of or was told

about the accessible shower on the upper tier, whether plaintiff could access the accessible shower given the two flights of stairs and the broken elevator, and whether medical personnel advised plaintiff to avoid using the stairs. Plaintiff has additionally provided evidence that he complained to staff on several occasions regarding the stairs and requested a transfer to a more accessible unit, thus putting defendant on notice that the stairs were an issue. On this record, the court cannot grant defendant's motion for summary judgment.

## CONCLUSION

For these reasons, defendant's motion (Doc. 105) is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:    January 10, 2022**