IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 1570 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 14, 2022, the plaintiff filed a motion to bar defense expert, Dr. Edward Ward, under Fed.R.Civ.P. 26(a)(2)(B) and Fed.R.Evid. 702, and noticed a hearing on the motion before Judge Gettleman on June 22nd at 9:15 a.m. [Dkt. ##136, 137]. Two days later, Judge Gettleman determined that the motion was a discovery motion, struck the hearing, and referred the matter to me. As a result of Judge Gettleman's characterization of the motion, Local Rule 37.2 applies, which he plaintiff has not complied with. However, it understandable that the plaintiff did not consider this motion a discovery motion, and I have exercised my discretion to not demand strict compliance with the local rule. However, for the following reasons, the plaintiff's motion [Dkt. #136] is denied.

To make a short story shorter, the plaintiff, who has an above-the-knee amputation, slipped while trying to negotiate a shower curb while a prisoner at the Metropolitan Correctional Center. Dr. Ward is one of three medical experts the defendants are offering to testify, essentially, that plaintiff's injuries as a result were minor. The target of plaintiff's motion here, Dr. Ward, reviewed plaintiff's treatment records and, in his expert report, concluded that:

> Injuries that Mr. Lawrence suffered as a result of a slip and fall injury in the shower on May 9, 2017 were minor. There is nothing within the medical records to suggest that he sustained significant injury based on this history provided, physical exam performed, test results obtained and extended period of observation time. It is likely that he would not suffer long-term pain related injuries as a result of these events.

[Dkt. #136-1].

The plaintiff has a few problems with Dr. Ward and his report and, as Judge Gettleman apparently acknowledged in his referral, his motion conflates the discovery rules and the evidentiary rules. First, the plaintiff says it violates Fed.R.Civ.P. 26(a)(2)(B), which requires that expert reports "must contain (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them." Plaintiff further contends that the opinion is inadmissible under Fed.R.Evid. 702 because it offers only a bare conclusion, and is inadmissible under Fed.R.Evid. 703 because it is simply echoes two other opinions and would not be helpful to the court.

First, let's look at plaintiff's criticism that Dr. Ward's report provides insufficient support for his conclusion that plaintiff was unlikely to suffer long-term pain because it fails to provide reasoning and explanation for how Dr. Ward reached the conclusion. [Dkt. #136, at 2-3]. Dr. Ward has years of experience treating patients with traumatic injuries like plaintiff's. He went over the medical evidence and evidence of plaintiff's treatment, noting that there were no visible signs of acute trauma, physical exams were normal, x-rays and CT scans revealed no acute injuries, and multiple studies showed no abnormalities to suggest acute trauma. The doctor's conclusions, based on his experience, follow from the unremarkable medical evidence. As such, it's not clear what more plaintiff wants from the report and he certainly does not say in his motion.

"Since pain is subjective and affects people in different ways, it is difficult to determine how much pain is present and how great its effects are." *Kolar v. Berryhill*, 695 F. App'x 161, 162 (7th Cir. 2017); *see also Potter v. Comm'r of Soc. Security*, 571 F. App'x 569, 571 (9th Cir. 2014)(". . . pain is subjective and difficult to quantify."); Coleman v. Kirk, No. 07 C 1941, 2009 WL 1657426, at *4–5 (N.D. Ill. June 10, 2009)(". . . plaintiff's evidence of feeling "pain" is subjective, not objective."). Some people feel more pain than others from similar injuries; some feel less. Some lie about pain when it suits their purposes. All a doctor can do is what Dr. Ward did: compare the medical evidence to what he has seen in his experience and opine as to what amount of pain is likely to come from a person's injuries.

The cases that the plaintiff relies upon have nothing to do with the issue here. *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill. 2006) concerned paint fading on a car and an expert whose report offered no conclusions as to the car and paint in question. Instead, essentially, all he said was, "sometimes a car's finish will fade, sometimes it won't." 239 F.R.D. at 502. *Uncommon, LLC v. Spigen, Inc.*, 305 F. Supp. 3d 825 (N.D. Ill. 2018) is even further from where we are. The issue was whether a cellphone case might be considered a "capsule" by consumers, and the expert submitted no report at all, with the party offering his testimony treating him as a non-testifying expert. A doctor opining on the likely level and extent of pain is very different. "When an expert's testimony relies 'not on his subjective belief or unsupported speculation but rather on his extensive experience,' his testimony is reliable under Rule 702." *Holliman v. Thompson*, No. 15 CV 9050, 2019 WL 13156933, at *3 (N.D. Ill. Mar. 25, 2019).

Plaintiff also complains that the opinion is redundant of opinions from two other doctors defendants have engaged to provide expert testimony on this matter. But "[a]s a general rule, errors

3

in admitting evidence that is merely cumulative of properly admitted evidence are harmless." *Jordan v. Binns*, 712 F.3d 1123, 1138 (7th Cir. 2013). Exclusions of evidence based on redundancy – not mention based on other issues – are best left to the judge at trial. Perhaps Judge Gettleman will say two is enough, perhaps he will feel the defendants are entitled to counter the plaintiff's allegations of pain (and evidence, if any) with a consensus of three experts. Of course, a magistrate judge handling discovery has no idea what the district court judge will deem significant or perhaps even relevant when the time comes for summary judgment or trial. This can sometimes be a difficulty with bifurcation between substantive issues and discovery disputes. So the tendency is – as will happen here – to err on the side of more rather than less. See Frank H. Easterbrook, Discovery As Abuse, 69 B.U.L. Rev. 635, 639 (1989)("One common form of unnecessary discovery (and therefore a ready source of threatened discovery) is delving into ten issues when one will be dispositive. A magistrate judge lacks the authority to carve off the nine unnecessary issues; for all the magistrate judge knows, the district judge may want evidence on any one of them. So the magistrate judge stands back and lets the parties have at it. Pursuit of factual and legal issues that will not matter to the outcome of the case is a source of enormous unnecessary costs, yet it is one hard to conquer in a system of notice pleading and even harder to limit when an officer lacking the power to decide the case supervises discovery.").

      If Dr. Ward's testimony ends up being what plaintiff considers shaky, the remedy is not for a magistrate judge – who will not be presiding over the trial – to exclude it well in advance of a trial that the district court judge has not even scheduled yet. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms.*,

4

*Inc.*, 509 U.S. 579, 596 (1993).

The plaintiff's Motion to Bar Defense Expert, Dr. Edward Ward [Dkt. #136], is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/21/22